## Case No. 3,542.

### DALEY et al. v. UNITED STATES.

[16 Int. Rev. Rec. 147; 4 Leg. Gaz. 347.]

Circuit Court, E. D. Pennsylvania. Oct 24, 1872.

INTERNAL REVENUE TAXES—ASSESSMENT AGAINST DISTILLERS—PRODUCING CAPACITY.

Section 20, Act Cong. July 20, 1868 [15 Stat. 133], requires that the quantity of spirits returned for assessment by a distiller shall not be less than 80 per cent. of the producing capacity of the distillery. Held that, where the distiller does not produce the 80 per cent., he is yet liable to tax upon that amount. The tax is not upon the actual quantity of spirits produced, but upon the 80 per cent. of the producing capacity of the distillery, whether that quantity is distilled or not.

[Appeal from the district court of the United States for the eastern district of Pennsylvania.]

The question in this case arose under the proviso to the 20th section of the act of congress of July 20, 1868 (15 Stat. 134), which is in these words: "But in no case shall the quantity of spirits returned by the distiller, together with the quantity so assessed, be for a less quantity of spirits than 80 per centum of the producing capacity of the distillery as estimated under the provisions of this act."

Upon the trial in the court below, the counsel of the said United States offered in evidence the distiller's bond of James J. Martin, dated October 8, 1868, signed by himself and John Daley and James A. Waters. This was admitted. The counsel of the United States then called a witness, who produced the survey and returns of the said distiller for the months of October, November, and December, 1868, and January, February, March, and April, 1869, and testified that the quantity of

distilled spirits returned by Jas. J. Martin as manufactured at his distillery during the time above stated was 2,713 gallons less than the 80 per cent. of the producing capacity of the said distillery, and that the tax on this deficiency amounted to $1,628. The survey and the returns were then offered and admitted in evidence, and the case closed.

Whereupon, THE COURT (CADWALADER, District Judge) charged the jury that if they found that the returns of the distiller were for a quantity less than the producing capacity of the said distillery, the defendants were liable for the tax on the deficiency equal to 80 per cent. of the producing capacity of the said distillery, amounting in this case to the sum of $1,628.

Upon exceptions to the charge of the court, and the case being taken up to the circuit court, the argument took place before McKENNAN, Circuit Judge.

John O'Byrne, for plaintiffs in error, cited the case of U. S. v. Singer [Case No. 16,292]. in which Judge Drummond decided that a distiller was not liable beyond the amount actually produced.

John K. Valentine, for the United States, argued that the words of the act were positive, and were intended to fix a minimum capacity, and that what are called by Judge Drummond "the multifarious and complicated provisions" of the act are all necessary, in order to ascertan the true amount of spirits produced, wherever this exceeds 80 per cent. of the producing capacity.

McKENNAN, Circuit Judge. Judgment of the district court of the United States affirmed, and record ordered to be remitted.